314 So.2d 851

**John A. GARTMAN**

**v̇.**

**Charles H. SIMISON et al.**

**SC 1011.**

Supreme Court of Alabama.

May 22, 1975.

Rehearing Denied July 10, 1975.

William H. McDermott, Mobile, for appellant.

Edward B. McDermott, Mobile, for appellees.

FAULKNER, Justice.

Mr. Gartman filed a suit for declaratory judgment seeking a determination that he could lawfully engage in the bail bond

business in Mount Vernon as an agent for the Mobile Bonding Company. He brought this action after the town officials received an opinion from the Attorney General of Alabama opining that "A Councilman may not sell bail bonds in the municipality to which he has been elected to serve." This was the second opinion of the Attorney General to the town officials on the same question. The first opinion issued before *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), said that Gartman could sell bail bonds. After *Ward* the Attorney General reversed himself. Upon receipt of the Attorney General's second opinion, the town officials stated to Gartman if he sold bail bonds in the town he would be subject to possible impeachment and ousted from the Town Council. Gartman then filed his bill for a declaratory judgment. The trial court rendered judgment that Gartman could not lawfully engage, "whether as principal, surety, agent or employee" in the bail bond business while serving on the Town Council, and if he did, he would be disqualified to serve as a member of the Council. The sole issue is: Was the trial court correct.

Gartman says he does not have any ownership in the bonding company. He says his remuneration comes from the bond premiums. He receives 75% of the premiums charged for making the appearance bonds. The going rate of premiums is 10% of the bond. The premium on a $300 bond, for example, is $30. Gartman's pro rata share would be $22.50.

Mr. Gartman also owns a wrecker service which operates in Mount Vernon. He is on the Police Committee which makes recommendations "to aid the function of the Police Department." Gartman says that he has, on two or three occasions, ridden in a police car, primarily for inspection of the equipment. He does not remember having ridden in a police car when it was on patrol duty. To the question, "Would your duties as a member of the Police Committee necessitate or involve

your coming to the docket room or the office, the police office at the Town Hall?" Gartman answered, "I think so, yes." On the question of whether Gartman would be liable for forfeitures, he stated that he felt like he was liable to produce the man or do whatever has to be done. If the person were fined and did not pay, Gartman says he would be liable for the fine. "If he has not been fined, if he has not paid the court, then, being the agent, then, I'm liable for him for the amount of the bond."

Section 414 of Title 37, Code of Alabama 1940 provides ". . . nor shall any member of the council . . . be surety for any person having a contract, work, or business with such municipality, for the performance of which a surety may be required." Although Gartman signs the appearance bonds in a representative capacity, he testified, "I am liable for the bond."

Under the facts of this case we are of the opinion that Mr. Gartman falls within the class of surety prohibited by § 414, Title 37.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.